**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Joshua G. Stegemann

    v.                                          Case No. 20-cv-00102-SM

FCI-Berlin

**REPORT AND RECOMMENDATION**

    Before the court is Joshua G. Stegemann's "Request for an
Order Directing FCI-Berlin to Cease Interfering with Court and
Legal Correspondence" (Doc. No. 1), which the Clerk of Court
docketed as a complaint initiating a prisoner civil rights
action, seeking a preliminary injunction, and his subsequent
motion to convert this action to one proceeding under 28 U.S.C.
§ 2241 (Doc. No. 3).  Document No. 1 is before the court for
preliminary review, pursuant to 28 U.S.C. § 1915A and LR
4.3(d)(1); the request for preliminary injunctive relief has
been referred to the magistrate judge for a report and
recommendation, see Jan. 15, 2020 Order; and Stegemann's motion
to convert this civil action into a petition for a writ of
habeas corpus (Doc. No. 3) is before this court for a ruling.

**Background**

    Stegemann is a federal prisoner housed at the Federal
Correctional Institution in Berlin, New Hampshire ("FCI-

Berlin"). He claims FCI-Berlin has violated his First Amendment right of access to the courts by opening, copying, and withholding correspondence mailed to him from courts and "other legal entities." He asserts that FCI-Berlin's actions are causing unspecified irreparable harm to his active litigation in the United States District Court for the Northern District of New York. He seeks an order from this court requiring FCI-Berlin to immediately cease opening, copying, and withholding his mail from the courts and other legal entities.

Stegemann began this action by filing his self-titled "Request for an Order Directing FCI-Berlin to Cease Interfering with Court and Legal Correspondence," seeking relief pursuant to 28 U.S.C. § 1651. He contends § 1651 provides this court jurisdiction to issue such an order "because it is necessary and appropriate to the right of access to the courts — an indisputably clear right enjoyed by prisoners confined within this Court's jurisdiction at FCI-Berlin. Bounds v. Smith, 430 U.S. 817, 821-822 (1977)[.]" Doc. No. 1, at 2. Stegemann seeks expedited review of his request under Local Rule 7.1(f). See id. (Doc. No. 1).

The Clerk of Court docketed Stegemann's filing as a civil complaint seeking preliminary injunctive relief. Stegemann is proceeding pro se, but he has not paid a filing fee or filed a motion to proceed in forma pauperis. On January 13, 2020, the

Clerk mailed Stegemann a deficiency notice alerting him that this action "will not be considered a civil case" and no action will be taken by the court on it until the $400 filing fee has been paid or an application to proceed without prepayment has been granted."  Filing Fee Notice (Doc. No. 2).  The filing docketed as the complaint (Doc. No. 1) was referred to the undersigned magistrate judge for preliminary review, and the district judge then designated the undersigned to consider Stegemann's request for preliminary injunctive relief, to hold a hearing if necessary, and to issue proposed findings and recommendations.  See Jan. 15, 2020 Order.

On January 15, 2020, Stegemann filed a motion to convert this action to a proceeding under 28 U.S.C. § 2241.  See Doc. No. 3, at 1.  He contends that "[t]he access to the courts claim — the sole claim raised herein — directly impacts the conditions of [his] confinement and thus is wholly cognizable under § 2241."  See id.  Stegemann also asserts that "[u]pon conversion of this action to a § 2241 (habeas) action, [he] will forward the $5.00 filing fee."  Jan. 15, 2020 Ltr. (Doc. No. 3) at 2.

## Discussion

I.  Motion to Convert and Filing Fee Notice (Doc. Nos. 2, 3)

The court's January 13, 2020 Filing Fee Notice (Doc. No. 2) is based in part on the court's docketing of the initial

3

pleading in this case as a "Complaint" seeking the type of relief that is available in a civil rights action.  The court is required to construe pro se submissions liberally and hold them "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).  The policy behind the liberal construction rule is that if pro se litigants "present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (citation omitted).  Consequently, the pleadings of a pro se litigant also "may be interpreted in light of supplemental submissions[.]" Wall v. Dion, 257 F. Supp. 2d 316, 318 (D. Me. 2003) (examining pro se litigant's other pleadings to understand the nature and basis of his claims against the defendants) (citing Gray v. Poole, 275 F.3d 1113, 1115 (D.C. Cir. 2002)).

Stegemann has demonstrated that he is not confused about the authority under which he wishes this action to proceed.  In view of his "motion to convert," it appears he did not intend his original filing to be a civil rights complaint; rather, he has made clear that he intends to invoke this court's jurisdiction to consider his access-to-the-courts claim as the basis for finding that he "is in custody in violation of the Constitution or laws or treaties of the United States," under 28

4

U.S.C. § 2241(c)(3).

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," while requests for relief "turning on circumstances of confinement" are more typically presented in civil rights actions.  Muhammad v. Close, 540 U.S. 749, 750 (2004).  The First Circuit has taken the position that challenges to certain prison conditions may be reviewed under § 2241.  See, e.g., Gonzalez-Fuentes, 607 F.3d 864, 873 (1st Cir. 2010) (jurisdiction existed to address § 2241 petition by federal prisoners not challenging the fact or duration of custody but challenging or seeking "a quantum change in the level of custody"); Muniz v. Sabol, 517 F.3d 29, 33–34 (1st Cir. 2008) (jurisdiction existed to address § 2241 petition by federal prisoners challenging delay in transfer to community corrections centers as contrary to statutory duty of BOP); Rogers v. United States, 180 F.3d 349, 357 (1st Cir. 1999) (§ 2241 is appropriate vehicle for challenging BOP's failure to designate state prison as place for confinement).  The First Circuit also has stated, in dicta, that "[i]f the conditions of incarceration raise Eighth Amendment concerns, habeas corpus is available."  See United States v. DeLeon, 444 F.3d 41, 59 (1st Cir. 2006).

Stegemann's access-to-the-courts claim is not comparable to the conditions-of-confinement claims for which the First Circuit

5

has recognized § 2241 subject matter jurisdiction.  Stegemann's
access-to-the-courts claim arises out of the circumstances of
his confinement without implicating any question of an Eighth
Amendment violation, his custody level, or the fact or duration
of his current detention.  Moreover, the relief he seeks, a
preliminary injunction mandating how his incoming court mail
should be handled, is not the type of relief that is generally
available in a § 2241 petition.  See Czekalski v. Zenk, No. 17-
cv-064-JL, 2018 WL 1787945, at *1, 2018 U.S. Dist. LEXIS 63629,
at *2-3 (D.N.H. Mar. 2, 2018) (Doc. No. 11) (request for
preliminary injunction to enjoin seizure of inmate's legal
materials is not properly considered in habeas action (citing
cases)), R&R approved, 2018 WL 1787931, 2018 U.S. Dist. LEXIS
62794 (D.N.H. Apr. 13, 2018) (Doc. No. 16).  Because the only
claim raised in this action does not fall within the province of
a petition for writ of habeas corpus or seek the type of relief
this court could properly order in a § 2241 proceeding,
Stegemann's motion to convert this action into a § 2241 petition
(Doc. No. 3) is futile, and the district judge should deny it as
such.

Should Stegemann wish to proceed with this action, the
court's January 13, 2020 filing fee notice (Doc. No. 2) provides
him with appropriate guidance for the steps he must take to
avoid dismissal of this action for failure to pay the filing

6

fee, or failure to file a completed application to proceed in
forma pauperis.  If Stegemann does not wish to pursue this civil
rights action at this time, he may file a notice of voluntary
dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).


II.  Preliminary Review

    A.   Standard

    This court conducts a preliminary review of complaints
filed by inmates seeking relief from government agents.  See LR
4.3(d)(1); see also 28 U.S.C. § 1915A.  In considering whether
the complaint states a claim, the court determines whether,
stripped of legal conclusions, and with all reasonable
inferences construed in plaintiff's favor, the complaint
contains "sufficient factual matter, accepted as true, to 'state
a claim to relief'" upon which relief can be granted.  Ashcroft
v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  Claims
may be dismissed, sua sponte, if the court lacks jurisdiction, a
defendant is immune from the relief sought, or the complaint
fails to state a claim upon which relief may be granted.  See 28
U.S.C. § 1915A(b); LR 4.3(d)(1)(A).


    B.   Access to Courts Claim

    The Supreme Court has long recognized that prisoners have a
right to meaningful access to the courts and that prison

7

officials are barred from "actively interfering with inmates'
attempts to prepare legal documents." Lewis v. Casey, 518 U.S.
343, 350 (1996) (citing Bounds v. Smith, 430 U.S. 817 (1977)).
To state a claim that an inmate's right of access to the courts
has been violated, the inmate must allege facts showing he was
actually injured in his ability to pursue a nonfrivolous claim
in a post-conviction proceeding or other civil rights matter
that he had a right to litigate. See Lewis, 518 U.S. at 352,
354-55. In other words, the inmate must allege facts that if
taken as true would show "that an actionable claim has been lost
or rejected or that presentation of the claim is currently being
prevented" due to the actions of prison officials. Guglielmo v.
N.H. State Prison, 111 F.3d 122, 1997 WL 205290, at *1, 1997
U.S. App. LEXIS 8616, at *2-*3 (1st Cir. Apr. 25, 1997)
(unpublished table decision) (quoting Lewis, 518 U.S. at 356)
(internal quotation marks omitted).

Here, Stegemann alleges that FCI-Berlin is opening, copying
and withholding his court correspondence; that he is litigating
two cases in the Northern District of New York; that in April
2019, the court in his criminal case denied his request for
relief relating to FCI-Berlin's handling of his mail, see United
States v. Stegemann, No. 1:13-cr-357-GLS-1 (N.D.N.Y. Apr. 16,
2019), ECF No. 273; and that FCI-Berlin's actions are causing
"irreparable harm" to his litigation. Stegemann's reference to

8

irreparable harm is a legal conclusion that this court does not credit in performing its preliminary review of his claims.

Stegemann does not identify any non-frivolous actionable claim at issue that has been irreparably harmed because of the handling of his mail at FCI-Berlin.  "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Christopher v. Harbury, 536 U.S. 403, 415 (2002).  Because Stegemann has failed to describe the nature of the claims that have been affected by the handling of his mail, and the manner in which the handling of his mail has caused him actual injury, he has failed to state a claim that he is being denied access to the courts with respect to any non-frivolous claim.  The court cannot rule out the possibility, however, that Stegemann may be able to plead an actionable access-to-the-courts claim. Accordingly, in an Order issued this date, the court has granted Stegemann leave to file a motion to amend the complaint, along with a proposed amended complaint, that states such a claim.

III. Preliminary Injunctive Relief

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).  A

petitioner seeking "a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation and internal quote omitted). The likelihood of success and irreparable harm are the factors that weigh most heavily in the analysis.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).  The burden of proof is on the movant.  See Esso Std. Oil Co., 445 F.3d at 18.

As noted, Stegemann has failed to allege sufficient facts to state a claim that he has been denied access to the courts. As such, he has not forecast that he is likely to be successful on the merits of his claim or that he will suffer irreparable injury in the absence of a preliminary injunction.  Accordingly, to the extent Stegemann seeks preliminary injunctive relief in this action, the district judge should deny that request, without prejudice to Stegemann filing a new motion for a preliminary injunction that satisfies the prerequisites for obtaining such relief, after he files an amended complaint that states an actionable claim.

## Conclusion

For the foregoing reasons, the district judge should:

    1.   Deny Stegemann's request for a preliminary injunction (Doc. No. 1), without prejudice to his ability to file a new motion for a preliminary injunction after he files an amended complaint that states an actionable claim; and

    2.   Deny Stegemann's motion (Doc. No. 3), seeking to convert this action into a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

February 13, 2020

cc:  Joshua G. Stegemann, pro se